UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON W. JONES,                                                CASE NO.: 1:12CV224

      Plaintiff,                                                       Barrett, J.
                                                                                                  Bowman, M.J.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

This matter is before the Court on the Report and Recommendation ("Report") of Magistrate Judge Stephanie K. Bowman.  (Doc. 14).  In the Report, the Magistrate Judge recommends that the Commissioner's decision to deny Plaintiff's disability insurance benefits be affirmed and that the case be closed.  Plaintiff has filed timely objections to the Report.  (Doc. 15).  For the reasons explained below, Plaintiff's objections are overruled and the Report is adopted in its entirety.

**I.     SUMMARY OF REPORT AND OBJECTIONS**

In the Report, the Magistrate Judge concluded that (1) substantial evidence supported the ALJ's conclusion at Step 2 of the sequential analysis that Plaintiff did not have a "severe" shoulder impairment; (2) substantial evidence supported the ALJ's conclusion at Step 2 of the sequential analysis that Plaintiff did not have a "severe" gastrointestinal impairment, and thus, did not have an impairment that met or equaled Listing 5.08 in Step 3 of the sequential analysis; and (3) that even if the Court had jurisdiction in the appeal of the denial of Plaintiff's disability insurance benefits over the

1

review of the ALJ's decision not to review Plaintiff's later-filed SSI claim in the same evidentiary hearing, the estoppel claim is without legal merit.

In his objections, Plaintiff challenges only the second conclusion of the Report. Plaintiff argues that the Magistrate Judge erred in affirming the ALJ's finding at Step 2 of the sequential analysis that Plaintiff did not have a severe gastrointestinal impairment, and thus, did not meet or equal Listing 5.08 in Step 3 of the sequential analysis. Plaintiff specifically argues that an impairment can only be considered not severe if it is a slight abnormality, having such a minimal effect of an individual that it would not be expected to interfere with their ability to work. (Doc. 15, p. 2) (citing *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000)). Plaintiff contends that contrary to the Magistrate Judge's and the ALJ's conclusion that no medical signs on the laboratory findings substantiate a severe medical gastrointestinal impairment, there are hospital records of an EGD which show mild distal esophagistis as well as diffuse gastritis with mild erythema and friability in the stomach and a small ulcer. (Doc. 15, p. 2). A colonoscopy also showed mild gastritis. (Doc. 15, p. 2). Plaintiff claims the EGD and colonoscopy "clearly provide laboratory findings that demonstrate the existence of a medically determinable impairment that did lead to a gastrointestinal bleed as well as anemia and profound weight loss." (Doc. 15, p. 2). Plaintiff further argues that while there was no further hospitalization until 2008, there was other treatment since he was on Protonix and Carafate and that he complained about burning when eating, about not eating much for the past few months, and about noticing blood in his urine over the past couple weeks. (Doc. 15, p. 3) (citing Tr. 249, 351, 355, 367).

**II.    LEGAL STANDARDS OF REVIEW**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the Commissioner's denial of benefits, the Court must determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### III.  ANALYSIS

Having reviewed the issue de novo in light of Plaintiff's objections, the Court finds that the Magistrate Judge correctly concluded that the ALJ's decision should be affirmed. As the Magistrate Judge recognized, substantial evidence supports the ALJ's

conclusion that these "mild" findings of digestive disease in 2006 were insufficient to demonstrate the existence of a "severe" digestive impairment.

As to the duration of the impairment, the Court finds that there is substantial evidence in the record supporting a finding that the impairment could not be expected to last more than twelve continuous months. See 42 U.S.C. § 423(d)(1)(A). Plaintiff again cites to the medical records from his May 2006 hospitalization to show he suffered a gastrointestinal bleed and anemia, which evidence already was considered by the Magistrate Judge. As the Magistrate Judge correctly found, those medical records show Plaintiff had acute and serious symptoms at the time of hospitalization, but do not show that the severe gastrointestinal symptoms would last for a continuous twelve-month period. To the extent that Plaintiff points to pages 249, 351, and 367 of the Transcript to show his problems were ongoing, that evidence does not change the conclusion. His receipt of Protonix and Carafate upon discharge in May 2006 shows a treatment plan, but does not show the expected duration of the treatment. As for the first complaint about burning with eating that Plaintiff references, it occurred in June 2005, prior to the alleged onset date. There is no medical documentation showing that incident was more than a mild issue, or that the issue persisted thereafter until approximately eleven months later in May 2006 when he was hospitalized. Although six months after his May 2006 hospitalization Plaintiff complained that he had blood in his urine, that evidence standing alone does not show that the gastrointestinal condition was expected to last for twelve continuous months. For one, that complaint fails to demonstrate the severity of his gastrointestinal issues at that time and the complaint is not supported by any medical documentation. However, even if the complaint showed a

4

severe episode, Plaintiff points to no record evidence after October 2006 that would indicate a continuing severe gastrointestinal issue for a continuous twelve months. It was not until 2008 where he again was hospitalized for his gastrointestinal symptoms, which was long after his insured status had expired. (*See* Tr. 38). On the whole, substantial record evidence supports the conclusion that the impairment was not expected to last for twelve continuous months.

However, even if the record evidence supported a finding that the gastrointestinal issues were expected to last twelve continuous months, Plaintiff still has pointed to no evidence that his digestive problems would more than "minimally" affect his work ability. *See* 20 C.F.R. 404.1521 (impairment is not "severe" if it does not significantly limit the person's physical or mental ability to do basic work activities). As the Magistrate Judge correctly stated, and which Plaintiff does not dispute, Plaintiff referenced only his fatigue, inability to concentrate and shoulder issues as the reasons he could not work. (Doc. 14, p. 8) (citing Tr. 37). Plaintiff also does not dispute that he attended truck driving school and obtained his CDL license in 2006, but was unable to find a job. (*See* Doc. 14, p. 8) (citing Tr. 38-39). Absent any evidence that his work ability was more than "minimally" affected, the Court cannot find that any impairment he had was severe, regardless of its duration. Accordingly, the Court agrees with the Magistrate Judge that the ALJ's conclusion that the record evidence was insufficient to demonstrate the existence of a "severe" digestive impairment during the relevant time period is supported by substantial evidence.

Although Plaintiff also appears to dispute the conclusion that his impairment does not meet or equal Listing 5.08, the Court agrees with the Magistrate Judge that it is

unnecessary to reach this issue given that a finding that Plaintiff suffered from a "severe" impairment at Step 2 of the sequential analysis is a prerequisite to determining whether Plaintiff's impairment met or equaled a Listed impairment in Step 3. Since the Court has agreed with the Magistrate Judge that substantial evidence supports the ALJ's conclusion that Plaintiff's gastrointestinal impairment was not "severe" during the relevant period, the Court need not reach Plaintiff's argument on this issue.

Nevertheless, if the Court were to consider Step 3 of the sequential analysis, the Court would agree with the Magistrate Judge that Plaintiff's impairment does not meet or equal Listing 5.08. Listing 5.08 provides for a presumption of disability when a claimant proves "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." 20 C.F.R. § 404, App. 1. As the Magistrate Judge correctly noted, Plaintiff has pointed to his alleged weight loss in 2006, resulting in a BMI of less than 17,50. However, Plaintiff also has the burden of proving that the weight loss was "due to any digestive order despite continuing treatment." 20 C.F.R. § 404, App. 1; *see generally Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003).

On the record presented, there is not sufficient evidence to document the claimed severity of his digestive disorder. Further, the evidence that Plaintiff references in his Objections fails to demonstrate that his weight loss was attributable to a severe digestive disorder despite continuing treatment as prescribed. The only evidence to which Plaintiff cites concerning "treatment" is the discharge from the hospital on

6

Protonix and Carafate. (Doc. 15, p. 3) (citing Tr. 249).[1] Plaintiff, however, has not directed the Court to any evidence of record that shows he continued that treatment, or any other treatment, as prescribed for severe digestive symptoms, throughout the alleged weight loss period so as to satisfy the requirement that his weight loss be "despite continuing treatment." Even if Plaintiff satisfied the continuing treatment requirement, the record is not clear that his weight loss was due to his digestive disorder. Plaintiff appears to argue that because he had a digestive problem and because he lost weight, his weight loss must have been caused by his gastrointestinal issues. That flawed logic, however, is insufficient to carry his burden of proving his gastrointestinal issues caused his weight loss. As the Magistrate Judge recognized, Plaintiff attributed his weight loss to a lack of appetite due to a general feeling of being "sick," and his 2006 records from his primary care physician reflect a wide variety of complaints, including psychological ailments. Plaintiff does not refute those conclusions of the Magistrate Judge. Moreover, Plaintiff has failed to present evidence that demonstrates an ongoing digestive disorder was the reason for the weight loss. *See Welton v. Comm'r of Soc. Sec.,* No. 5:11CV104, 2012 U.S. Dist. LEXIS 2337, at *29-34 (N.D. Ohio Jan. 9, 2012). Without more, the Court finds that Plaintiff has failed to carry his burden of proving his digestive disorder met or equaled all of the elements of Listing 5.08.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 15), and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 14) in its

---

[1] Plaintiff's citation to his complaints about his issues does not show that he received any additional or continuing treatment for those issues. (Doc. 15, p. 3) (citing Tr. 351, 355, 367).

entirety. Consistent with this Opinion and the Report, the Court concludes that the ALJ committed no reversible error. The Commissioner's decision to deny Plaintiff DIB benefits is **AFFIRMED** and this case shall be **CLOSED**.

    **IT IS SO ORDERED.**

                                                     s/ Michael R. Barrett
                                                     Michael R. Barrett, Judge
                                                     United States District Court